RECEIVED
IN ALEXANDRIA, LA
MAR 23 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **MICHAEL COOPER (#39143)** | DOCKET NO. 09-CV-1568; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **TIM WILKINSON, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Michael Cooper. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), and he is currently incarcerated at Winn Correctional Center (WNC). Plaintiff names as defendants: **Tim Wilkinson, Lisa Coleman, Nurse Wood, Mona Heyse, Sheryl Wiley, Pat Thomas, and James LeBlanc.** Plaintiff claims that the defendants have violated his right to medical care and due process. For the following reasons, it is recommended that the claims against Mona Heyse, James LeBlanc, and Nurse Coleman be dismissed as frivolous, and that the claims be served on the remaining defendants.

### FACTUAL ALLEGATIONS

Plaintiff claims that Defendants have wrongfully refused to provide him with a continuous positive airway pressure (CPAP) machine until he quits smoking. Plaintiff was sent for a sleep study, and in January 2009, was diagnosed with "severe obstructive sleep disorder." The diagnosing physicians recommended treatment

and sent Plaintiff back to WNC with a portable C-PAP machine for daily use. Plaintiff states that he was denied use of his breathing machine because he is a smoker. The defendants told Plaintiff that they would not give him the recommended treatment until he quit smoking.

However, in his amended complaint, Plaintiff acknowledges that his C-PAP machine was installed in the Dogwood D-1 tier and he began using the C-PAP machine on October 7, 2009. [Doc. #5, p.2] Still, Plaintiff claims that Cheryl Wiley, Tim Wilkinson, and Pat Thomas have thwarted his efforts to regularly use the C-PAP machine. He alleges that he has also been retaliated against by Wiley because of his need for the C-PAP machine.

## LAW AND ANALYSIS

Plaintiff complains that Mona Heyse failed to investigate Plaintiff's administrative remedy grievance. An inmate has no constitutional right to have his grievances or complaints addressed, investigated, or resolved. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Thus, the claim against Heyes is frivolous.

Plaintiff complains that Nurse Coleman told him that she would respond to his grievance by stating that Plaintiff smokes. This does not allege a constitutional violation for the reason stated above – an inmate has no constitutional right to have his grievances or complaints addressed, investigated, or resolved.

2

*Supra.*

Plaintiff complains that James LeBlanc failed to intervene and order the administration to provide him with a C-PAP machine. To state a civil rights claim, the plaintiff must allege that the defendant was deliberately indifferent to a serious medical need or risk of harm. That is, the plaintiff must allege that the defendant was aware of an excessive risk to plaintiff's health or safety, and yet consciously disregarded the risk. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002). Plaintiff has not made such allegations against James LeBlanc, the secretary of the Department of Safety and Corrections. The claim against the DOC secretary is frivolous.

The claims against the remaining defendants will be served on those individuals.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims against **James LeBlanc, Mona Heyse, and Nurse Coleman** be **DISMISSED as frivolous** under 28 U.S.C. §1915(e)(2)(b).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk**

3

of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 23 day of March, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE